UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**STATE FARM LLOYD, AS SUBROGEE OF MARK AND KAREN DOYLE,**

 Plaintiff,

v.    No. 4:21-cv-0867-P

**APPLE INC.,**

 Defendant.

## ORDER

 Before the Court is the Parties' Agreed Motion for Protective Order ("Motion"). ECF No. 21. In the Motion, the Parties claim that they "anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter the attached Protective Order setting forth the conditions for treating, obtaining, and using such information." *Id.* at 1. Accordingly, the Parties submitted a Proposed Protective Order for the Court's consideration. ECF No. 21-1. Having considered the Motion, the Court concludes it will be **DENIED**.

 The United States Fifth Circuit Court of Appeals has repeatedly reminded district courts that they are "duty-bound to protect public access to judicial proceedings. *See, e.g.*, *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). The Fifth Circuit cautions against freely granting parties the authority to determine what documents should be sealed without the Court's review of whether that decision has "satisfied the substantive requirements." *Id.* The right to seal filings is vested in "judges, not litigants" and must be analyzed on "a case-by-case, 'document-by–document'" basis. *Id.* at 419 (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) and *United States v. Seal Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)).

Public access to the information supporting a court's decision is critical to "maintaining the integrity and legitimacy of an independent Judicial Branch." *Id.* at 417 (cleaned up). The Court concludes that granting the Motion would violate these principles.

Further, this Court routinely declines to exercise its Federal Rule of Civil Procedure 26(c) authority to convert parties' agreements into Court Order. While the Court recognizes that parties often file for protective orders as a matter of course, the Motion fails to show a "particular and specific demonstration of facts" constituting good cause for a protective order. *See In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). The Court thus declines to place a judicial imperator on the Parties' discovery agreement.

However, the Parties are not left without recourse. *First*, they may agree to any confidentiality or discovery-related contract among themselves without devoting scarce judicial resources to the matter. *Davis v. City of Fort Worth*, No. 4:14-CV-491-A, 2014 WL 12940678, at *3 (N.D. Tex. July 3, 2014) (McBryde, J.). Moreover, such an agreement may be the duty of the Parties' representatives. *See Dondi Props. Corp. v. Com. Savs. & Loan Ass'n*, 121 F.R.D. 284, 287 (N.D. Tex. 1988). *Second*, the Parties may move for leave to file *specific* documents under seal with a memorandum outlining the good cause for the document to be sealed from public, supporting legal authorities, and relevant facts verified by oath or declaration of a person with personal knowledge. *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010).

The Court therefore DENIES the Motion (ECF No. 21).

**SO ORDERED** on this **1st day** of **February, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE