# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

| | |
|---|---|
| **STATE FARM LLOYDS as subrogee of MARK and KAREN DOYLE,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:21-cv-00867-P |
| **APPLE INC.,** § § | |
| Defendant. § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF MARK AND KAREN DOYLE** ("State Farm" and/or "Plaintiff"), and complains of **APPLE INC.** ("Apple"), **SIMPLO TECHNOLOGY CO., LTD.** ("Simplo Technology"), and **SIMPLO TECHNOLOGY USA LOGISTIC COMPANY, LTD.** ("Simplo USA") (Apple, Simplo Technology, and Simplo USA are collectively referred to herein as "Defendants"), and for cause of action would respectfully show the Court as follows:

### I. PARTIES, VENUE, AND JURISDICTION

1. Plaintiff **STATE FARM LLOYDS AS SUBROGEE OF MARK AND KAREN DOYLE**, as a real party in interest, is an insurance company doing business in the State of Texas.

2. Defendant **APPLE INC.** is a foreign corporation doing business in the State of Texas, has made an appearance herein, and is being served with a copy of this pleading by and through its attorney of record.

3.  Defendant **SIMPLO TECHNOLOGY CO., LTD.** is a foreign company doing business in Taiwan and has continuing and systematic contacts with the State of Texas by placing its products into the stream of commerce with the expectation that they would reach and be used in the State of Texas. The causes of action set forth herein arise from such contacts. Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), this defendant may be served with process by using any form of mail that the clerk addresses and sends to the defendant, a foreign company, that requires a signed receipt. Accordingly, it is requested that the clerk serve this Defendant via certified mail, return receipt requested, at its headquarters: Simplo Technology Co., Ltd., No. 471, Sec.2, Bade Rd., Hukou Township, Hsinchu County 30348, Taiwan, R.O.C.

4.  Defendant **SIMPLO TECHNOLOGY USA LOGISTIC COMPANY, LTD.** is a foreign corporation that, at all relevant times, has engaged in business in the State of Texas, as more particularly described below. The causes of action arose from and are connected with purposeful acts committed by Defendant Simplo USA. Defendant Simplo USA may be served with a copy of this pleading by and through it registered agent: Incorporating Services, Ltd., 3610-2 N. Josey, Suite 223, Carrollton, Texas 75007.

5.  Venue of this suit is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this district.

6.  The Court has jurisdiction over this lawsuit under 28 U.S.C. 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## II.  FACTUAL BACKGROUND

7.  Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

8.  This lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of a MacBook Pro computer (Serial No. C02NL0NRG3QG), including

its batteries, (hereinafter referred to as "product," "product in question," or "computer in question"), which was designed, manufactured, and/or marketed by Defendants. At all times mentioned herein, Defendants were engaged in the business of designing, manufacturing, and marketing the same brand or model of computer, including its batteries, as the product in question to the general public, throughout the United States, as well as within the State of Texas.

9. Defendants designed, manufactured, marketed, and/or otherwise placed into the stream of commerce the product in question which reached the home of Mark and Karen Doyle in the same or substantially the same condition in which it was sold.

10. At all relevant times herein, Mark and Karen Doyle were the owners of the residence located at 8100 Bear Creek Road, Aledo, Texas 76008 (the "Property"). At all relevant times, the Property was insured by an insurance policy issued by State Farm Lloyds.

11. On or about March 5, 2020, a fire occurred at the Property. As a result of the fire, the real and personal property of Mark and Karen Doyle was damaged and/or destroyed, and the Property was uninhabitable for a substantial amount of time. During an investigation of the fire scene, the computer in question was found in the area of fire origin. Upon information and belief, the batteries in the computer in question overheated and caused the fire.

12. As a direct, proximate and producing result of the failure of Defendants' product, Mark and Karen Doyle suffered damages to their real and personal property, and their home was uninhabitable for a substantial amount of time. Pursuant to an insurance policy in effect for the date of loss, State Farm Lloyds compensated Mark and Karen Doyle for the covered damages they incurred and brings this suit to recover its subrogation interests from Defendants.

## III.  CAUSES OF ACTION AGAINST DEFENDANTS

### Count One -- Strict Liability

13. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

14. Prior to the date of the fire, Defendants manufactured, assembled, inspected, tested, sold and/or distributed the computer in question, and introduced it into the stream of commerce, in a manner so as to render it defective, unsafe, and/or unreasonably dangerous. The defective condition of the computer in question caused the fire in question and the resultant damages.  At the time of the fire, the computer in question was being used in a manner for which it was designed, manufactured, assembled, and sold.

15. There was a design defect in the computer in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and damages set forth herein. The design defect rendered the computer in question unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use.  A safer alternative design existed that would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and was economically and technically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

16. There was a manufacturing defect in the computer in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and the damages as set forth herein.  As a result of the manufacturing defect, the computer in question was in an unreasonably dangerous condition; i.e., the computer in question was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

17.     There was a defect in the marketing of the computer in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and the damages set forth herein.  Defendants failed to give adequate warnings of the product's dangers that were known, or by the application of reasonably developed human skill and foresight should have been known, and/or failed to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

18.     Plaintiff alleges that the damages incurred by Mark and Karen Doyle were caused as a direct, proximate and producing result of the defective condition of the computer in question. Furthermore, Mark and Karen Doyle were unaware of any defects inherent in the computer in question or of any danger that could result from the use thereof at the time they made use of the computer in question in its intended manner. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

## Count Two -- Negligence

19.     Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

20.     Plaintiff would show that on the occasion in question, Defendants owed a duty to exercise ordinary care in the design, preparation, manufacture, and sale of its products.  The computer in question was defective and unsafe for its intended purpose at the time it left the control of Defendants and at the time it was used by Mark and Karen Doyle.  The computer in question was defective in that it failed to conform to the product design and specifications of other similar products.  Further, Defendant Apple was negligent in failing to correctly identify and correct issues with the computer at issue when they were notified of the same by Mark and/or Karen Doyle. Defendants breached their duty and, as a direct and proximate result of their negligence, caused Mark and Karen Doyle to suffer damages.

21.   Plaintiff would show that the negligent acts and/or omissions on the part of Defendants were the proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

### Count Three -- Breach of Express and Implied Warranties

22.   Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

23.   Defendants held out to the general public, and to Mark and Karen Doyle specifically, that the computer in question would conform to the qualities of the same or similar products. As a result of its actions, Defendants breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

24.   Further, Defendants held out to the general public, and to Mark and Karen Doyle specifically, that the computer in question would be suitable for its ordinary purpose and intended use and that the product would be of merchantable quality. As a result of their actions, Defendants breached an implied warranty of merchantability and usage of trade as set forth in section 2.314 and 2.315 of the Texas Business and Commerce Code.

25.   Plaintiff has suffered the damages set forth above as a result of Defendants' breach of the foregoing warranties and plead for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and more specifically, section 2.715(b)(2) of that Code.

## IV.   RES IPSA LOQUITUR

26.   Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

27.   Plaintiff cannot more specifically allege the acts of negligent design and/or manufacture on the part of Defendants for the reason that facts in that regard are peculiarly within the knowledge of Defendants.

28. Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the design and manufacture of the computer in question was within the exclusive control of Defendants at the time the negligence probably occurred.  Plaintiff has no means of ascertaining the method or manner in which the Defendants' computer was designed, manufactured, and/or tested.

29. In the alternative, and in the event Plaintiff is unable to prove specific acts of negligent design, manufacture, testing, and/or marketing, Plaintiff asserts and relies on the doctrine of *Res Ipsa Loquitur*.

## V.  DAMAGES

30. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

31. As a result of the acts and/or omissions on the part of Defendant, Mark and Karen Doyle sustained damage to their real property and personal property, and incurred loss of use/additional living expenses, in at least the amount of **$422,239.20**.  Pursuant to an insurance policy in effect for the date of loss, State Farm Lloyds ("State Farm") has compensated Mark and Karen Doyle for the covered damages they sustained as a result of the failure of Defendant's computer.  State Farm is now exercising its rights to contractual and equitable subrogation by filing this lawsuit against Defendant.  After allowing for all just and lawful offsets, payments, and credits, Defendant continues to be indebted to Plaintiff in the total amount of at least **$422,239.20.**

32. Plaintiff hereby asserts its claim for general damages, damages for cost of repair, and damages for loss of use/additional living expenses, as described above.  All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

# PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF MARK AND KAREN DOYLE**, requests that Defendants, **APPLE INC., SIMPLO TECHNOLOGY CO., LTD.**, and **SIMPLO TECHNOLOGY USA LOGISTIC COMPANY, LTD.** take notice of the filing of this pleading, be cited to appear and answer herein, and that upon final hearing, Plaintiff recover from Defendants:

1. A judgment against Defendants, jointly and severally, for actual damages in the amount of **$422,239.20;**

2. A judgment against Defendants, jointly and severally, for pre- and post-judgment interest as provided by law;

3. A judgment against Defendants, jointly and severally, for all costs of court and attorney's fees incurred by Plaintiff; and,

4. A judgment against Defendants, jointly and severally, for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Douglas C. Heuvel*
**N. Scott Carpenter**
State Bar No. 00790428
*scarpenter@cstriallaw.com*
**Douglas C. Heuvel**
State Bar No. 24036772
*dheuvel@cstriallaw.com*
**CARPENTER & SCHUMACHER, P.C.**
Parkway Centre V
2500 Dallas Parkway, Suite 495
Plano, Texas 75093
(972) 403-1133
Fax (972) 403-0311

*ATTORNEYS FOR PLAINTIFF*
*STATE FARM LLOYDS AS SUBROGEE*
*OF MARK AND KAREN DOYLE*

**Michael W. Minton**
The Law Offices of
Michael W. Minton, PLLC
State Bar No. 14194550
mminto@mintonlaw.com
6100 Western Place
Fort Worth, Texas 76107
Phone: (817) 377-9200
Fax: (817) 377-9201

*LOCAL COUNSEL FOR PLAINTIFF*
*STATE FARM LLOYDS AS SUBROGEE*
*OF MARK AND KAREN DOYLE*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February 2022, I electronically served the foregoing document using the CM/ECF system, which will send notification of the same to all registered participants, or I have mailed and/or e-mailed the same to those non-CM/ECF participants, as follows:

Jeff Whitfield
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
*Attorneys for Defendant*
*Apple Inc.*

/s/     *Douglas C. Heuvel*
DOUGLAS C. HEUVEL