IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **STATE FARM LLOYDS as subrogee of MARK and KAREN DOYLE,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 4:21-cv-00867-P |
| **APPLE INC.,** | § § § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Special Appearance and Motion to Quash Service of Process ("Motion") (ECF No. 47), filed by Defendant Simplo Technology Co., Ltd. ("Defendant"), and the Response filed by State Farm Lloyds ("State Farm") (ECF No. 49). United States District Judge Mark T. Pittman referred the Motion and all related filings to the undersigned on November 2, 2022. ECF No. 48. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge Pittman **DENY** Defendant's Motion to Quash and request for dismissal of State Farm's claims. (ECF No. 47).

State Farm filed its amended complaint on March 2, 2022. ECF No. 29. It requested that a Summons be issued for service on Defendant in Carrollton, Texas (ECF No. 30) and in Taiwan on March 25, 2022. (ECF No. 31). Judge Pittman granted State Farm's Motion for Leave to Effect Alternative Service on September 30, 2022. ECF No. 44. The Court ordered that it could serve Defendant, which is based in Taiwan, by having the Clerk of Court mail State Farm's First Amended Complaint to Defendant and requiring a signature upon receipt. ECF No. 45.

The operative portion of the Court's order reads as follows:

> Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation located outside of "any judicial district of the United States" must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." "Rule 4(f)(2) provides several methods of service to an individual in a country when there is no applicable international agreement," such as Taiwan. *UNM Rainforest Innovations v. D-Link Corp.*, No. , 2020 WL 3965015, at *2– 3 (W.D. Tex. July 13, 2020) (citing *Vista Peak Adventures, LLC v. GiantPlus Tech. Co.*, No. 2:19-cv-185, 2019 WL 4039917 (E.D. Tex. Aug. 27, 2019)). One such method is "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the Court to the party to be served unless prohibited by the law of the foreign country." *Id.* at *2 (citing FED. R. CIV. P. 4(f)(2)(C)(ii)).
>
> Because Taiwan is not a signatory to any international agreement governing the international service of process, such as the Hague Convention, … Plaintiff may serve Defendant Simplo Technology Co., Ltd. by sending the complaint and other required materials by a form of mail to Simplo Technology Co., Ltd.'s headquarters at No. 471, Sec.2, Bade Rd., Hukou Township, Hsinchu County 30348, Taiwan, addressed by the Clerk of the Court that requires a signed receipt. *See also id.* at *5 (granting a motion for leave to effect the same alternative service on a Taiwanese based corporation for the same reasons).

ECF No. 45.

Defendant alleges that State Farm's return of service is defective on its face and fails to comply with the Court's orders and with Federal Rule of Civil Procedure 4(f)(2)(C)(ii). ECF No. 47 at 3. State Farm responds that its service complied with the Court's Order because the clerk mailed the amended complaint by a form of mail that required a signed receipt. ECF No. 49 at 2. The Order requires that a signature be required, not that an image of the signature be filed. *Id.* The undersigned concludes that State Farm has complied with the Order. The proof of delivery provided by FedEx shows that the package was "signed for by: S. Chen" and indicates an "Adult Signature required" for delivery. ECF No. 49 at 5.

Defendant next alleges that State Farm's service does not comply with the Federal Rules because it does not have a signed receipt. ECF No. 47 at 3. State Farm again responds that its

method of service complied with the Rules via FedEx delivery because there was an adult signature required and a signature is shown on the receipt. ECF No. 49 at 2, 5.

The Federal Rules provide that a party may serve a foreign corporation with any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the Court to the party to be served unless prohibited by the law of the foreign country. Fed. R. Civ. P. 4(f)(2)(C)(ii). Here, State Farm satisfied this rule because Taiwanese law does not prohibit service of process by mail. *Vista Peak Ventures, LLC v. GiantPlus Tech. Co.,* No. 2:19-CV-00184-JRG, 2019 WL 4039919, at *2 (E.D. Tex. Aug. 27, 2019). Moreover, the Federal Rules only require proof of service by evidence of a signature or a substantially equivalent document. *Id.* Courts have recognized that this "signed" requirement may be satisfied in the absence of a true signature. *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. Jan. 10, 2012) (finding that the signature requirement was satisfied by an email delivery confirmation sent by FedEx).

Because State Farm complied with the Court's Order and with Fed. R. Civ. P. 4(f)(2)(C)(ii), the undersigned **RECOMMENDS** that Judge Pittman **DENY** Defendant's Special Appearance and Motion to Quash and request for dismissal of State Farm's claims. (ECF No. 47).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on December 28, 2022.

 

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE